**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MICHAEL D. JACKSON,                                                                          PETITIONER
ADC #140871,

v.                                              5:13CV00343-DPM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                       RESPONDENT

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

        The following recommended disposition has been sent to  United States District Judge D.

P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

        If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

        1.        Why the record made before the Magistrate Judge is inadequate.

        2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

        3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    BACKGROUND

Petitioner, Michael D. Jackson, was convicted by a Pulaski County jury of capital murder,

criminal attempt to commit capital murder, and aggravated robbery on October 28, 2009. (Doc. No.

8.) He was sentenced as a habitual offender and received an aggregate sentence of life imprisonment

in the Arkansas Department of Correction. (*Id.*)

On direct appeal, Mr. Jackson raised the following three claims:

(1) the trial court erred in refusing to grant him a mistrial after the prosecutor elicited
testimony from a witness that had already been ruled inadmissible; (2) the trial court
erred in refusing to allow the defense to question co-defendant Cherick Coleman
about a subsequent arrest and  misdemeanor gun-possession charge because the gun
possession was relevant to determining credibility; and (3) the trial court erred in
excluding the testimony about a bag of a substance that may have been marijuana by
police officers at the Rogers's residence after the crime.

*Jackson v. State*, 2011 Ark. 9.  The Supreme Court of Arkansas found no error and affirmed.  *Id.* The

court also reviewed the record pursuant to Arkansas Supreme Court Rule 4-3 (h) and found no

prejudicial error.  *Id.* In its January 20, 2011, opinion, the court summarized the facts underlying Mr.

Jackson's conviction and sentence as "straightforward."  They are as follows:

On November 13, 2007, three men, Jackson, Sammie Madden, and Cherick
Coleman entered the home of David Rogers in North Little Rock.  Rogers operated
a candy and snack store from his home and also sold Avon products.  Rogers's

2

stepson, Shawn Bisbee, lived in the home in exchange for helping Rogers operate the store. Rogers testified that the three men demanded money, forced him to lie face down of the floor of the dining room, and took Bisbee back to a bedroom. Rogers emptied the cash register and one lockbox hidden in the home. Rogers also told the men about a gun he kept hidden under the cash register. Coleman testified at trial that only Jackson and Madden were armed with guns when they entered but Jackson handed him the gun taken from under the cash register.

While Rogers was in the dining room, at least one of the three intruders was searching the bedroom where Bisbee was also forced to lie face down on the floor. There was a second lockbox hidden under Rogers's bed, but Rogers could not find a key to unlock it. At this point, Rogers testified that he was taken to the bedroom and was forced to lie face down on the floor. He testified that both he and Bisbee were struck in the back of the head with pistols. When Rogers could not open the second lockbox, Bisbee was stabbed in the back by Jackson four times, and his throat was cut by Jackson.[1] Jackson then shot Bisbee and Rogers in the back of the head before all three fled the home. Coleman testified that he dropped the gun he was given by Jackson in the front yard. Rogers survived the attack, but Bisbee died as a result of his injuries.

*Jackson,* 2011 Ark. 9, at 1-2.

After the Arkansas Supreme Court affirmed the trial court, Mr. Jackson sought post-conviction relief, *pro se,* under Rule 37 of the Arkansas Rules of Criminal Procedure. The Pulaski County Circuit Court denied Mr. Jackson's timely filed petition of July 8, 2011. (Doc. No. 8-8.) On January 24, 2013, the Arkansas Supreme Court affirmed the trial court's denial of Mr. Jackson's Rule 37 petition. *See Jackson v. State,* 2013 Ark. 19.

In the instant Petition, Mr. Jackson makes the following allegations: (1) that his sentence should be modified because it is in violation of the Double Jeopardy Clause of the Fifth Amendment in that he was convicted and sentenced for both the crime of capital murder and the underlying felony, aggravated robbery; (2) there was insufficiency of the evidence; (3) the prosecution knowingly and intentionally presented false evidence in order to obtain a conviction; and (4) he had

---

[1]Rogers was unable to identify any of the perpetrators. Coleman, however, testified about Jackson's actions during the course of the robbery. *Id.*

ineffective assistance of counsel.  (Doc. No. 2 at 8-66.)

## II.    ANALYSIS

 "In the interests of finality and federalism," federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).  Under the AEDPA, federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).  The federal law must be clearly established at the time the petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 380-83 (2000).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13; *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007).  A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.

Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003). Such is not the case here. The Arkansas Supreme Court reasonably adjudicated Mr. Jackson's claims of a double jeopardy violation and ineffective assistance of counsel.

When reviewing an underlying state court's decision on the merits of an inmate's claims, a federal court will "undertake only a limited and deferential review." *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011). In cases where the petitioner challenges a state court's adjudication on the merits, federal habeas relief will not be granted unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States[,] or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A.      **Double Jeopardy**

In its January 2013 opinion, the Arkansas Supreme Court noted that cumulative punishment was expressly authorized by Arkansas Code Annotated § 5-1-110. *Jackson,* 2013 Ark. 19, at 3. As Respondent correctly argues, the Arkansas Supreme Court's decision was not contrary to clearly established federal law as determined by the country's highest court. The Respondent notes that in *Missouri v. Hunter,* 459 U.S. 359 (1983), the Supreme Court of the United States reversed the Missouri Court of Appeals and held that the defendant's double jeopardy rights had not been violated by his convictions and sentencing for both armed criminal action and first-degree robbery. The Missouri appellate court had held that armed criminal action and first-degree robbery constituted the same offense under *Blockburger v. United States,* 284 U.S. 299 (1932). *Id.*   In

5

*Missouri*, the United States Supreme Court specifically found:

> [w]here, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribed the "same" conduct under *Blockburger,* a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

*Id.* at 368-369.

This claim has been adjudicated by the Arkansas Supreme Court, and the holdings were not contrary to, or an unreasonable application of the law of the land.

### B.        Ineffective Assistance of Counsel

Furthermore, the Arkansas Supreme Court also reasonably concluded that in Mr. Jackson's case, there was  no ineffective assistance of trial counsel as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

*Strickland*  establishes a two-element test for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687.

Under the two-prong *Strickland* test, the benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686.

As the Arkansas Supreme Court correctly found, Mr.  Jackson fails to reach that mark. The Court summarized:

The trial court addressed each of the claims in its order and concluded that none had merit. Appellant does not advance any arguments on appeal to challenge the court's findings and conclusions. Instead, he reiterates the Rule 37.1 petition. As the court found none of the claims to be meritorious, and appellant offers no argument on appeal to challenge the rulings, appellant has failed to meet his burden of showing that the trial court committed reversible error by denying the Rule 37.1 petition. He fell short in his petition, and has fallen short in this appeal, of demonstrating that there is a reasonable probability that, but for any specific error on counsel's part, the fact-finder would have had a reasonable doubt respecting guilt; that is, that the decision reached would have been different absent the error. As a result his allegations of ineffective assistance of counsel did not rise to the level necessary to establish that he was not afforded effective assistance of counsel.

*Jackson*, 2013 Ark. 19, at 9.

After careful review of the Petition and Response, this Court concludes that the state's highest court's findings did not entail an unreasonable application of federal law on any point. In reviewing an ineffective assistance claim under the "unreasonable application" clause of § 2254(d)(1), "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). The Arkansas Supreme Court reasonably applied *Strickland* to the facts of Mr. Jackson's case, and properly adjudicated Mr. Jackson's claims.

### C.    Insufficient Evidence

Mr. Jackson's claim that he was convicted on insufficient evidence (Doc. No. 2 at 12-16) is also procedurally defaulted. Mr. Jackson raised this issue in his direct appeal, but only as a violation of state law. As the Respondent argues, to the extent Mr. Jackson identifies any violation of federal law, he failed to ever present that claim to the Supreme Court of Arkansas and thus, it is also procedurally defaulted. (Doc. No. 8.) This Court agrees.

The Arkansas Supreme Court Rule 4-3(h) mandates the court's review of "all  errors prejudicial to the appellant" as the Court did in this case. The rule does not, however, preserve those

issues for federal habeas review. *E.g., Williams v. Norris,* 576 F.3d 850, 856 (2009).  It is well established law that a federal court does not review state-court decisions regarding questions of state evidentiary law. *E.g., Clark v. Groose,* 16 F.3d 960, 963 (8th Cir.), *cert. denied,* 513 U.S. 834 (1994). "A state court's evidentiary rulings can form the basis for habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." *Parker v. Bowersox,* 94 F.3d 458, 460 ( 8th Cir. 1996). Such is not the case here.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding).  This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene.  *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted). A federal court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds. *Clemons v. Luebbers,* 381 F 3d 744, 750 (8th Cir. 2004).  Several of Mr. Jackson's claims –  that the prosecutor withheld evidence in the form of statements given by Charles Bullock,  that there was insufficient evidence to convict him of the underlying aggravated robbery offense, and that Cherick Coleman's testimony was false and uncorroborated as required by state law – were never presented to the Arkansas Supreme Court. Therefore, they, too, are procedurally defaulted.

8

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). After careful review, the Court concludes that Mr. Jackson fails to show any cause and prejudice.

### D.    Remaining Claims

The remainder of Mr. Jackson's claims were properly raised and adjudicated by the state courts through his Rule 37 petition. Under 28 U.S.C. §2254 (d)(2), a state court decision involves an unreasonable determination of the facts in light of the evidence presented "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003) (citations omitted).

Moreover, interpretation and application of state law are not subject to habeas corpus review since federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005) (citing *Bounds v. Delo*, 151 F.3d 1116, 1118 (8th Cir. 1998) ("Determinations of state law made by a state court are binding on a federal court in habeas proceedings"). Thus, questions of state law that have been decided by a state court are simply not reviewable, "even under the deferential standard of 28 U.S.C. § 2254(d)." *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005) (quoting *Lee v. Gammon*, 222 F.3d 441, 443 (8th Cir. 2000)). Of course, a factual issue would be susceptible to limited review by the habeas court. *See* 28 U.S.C. § 2254(e)(1).[2] However, it is not the duty of the federal habeas court to "reexamine state-court

---

[2]State court factual findings are "presumed to be correct," and this presumption can be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(d).

determinations on state-law questions." *Id*. A federal court conducting a habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

The Arkansas Supreme Court followed their well established precedent in dismissing Petitioner's claims. The court's decision was not contrary to, nor involved an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. As such, his claims are procedurally defaulted. A claim is also technically exhausted if the petitioner has failed to raise a claim in state court and it is clear that there is not a state-law remedy still available for a petitioner to properly exhaust the claim. *Welch v. Lund*, 616 F. 3d 756, 760 (2010)(citing *Engle v. Isaac*, 456 U.S. 107, 125 (1982)). Therefore, all of Mr. Jackson's claims in the instant habeas Petition (Doc. No. 2) are procedurally defaulted and should be dismissed.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Mr. Jackson has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability should be denied.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.       Mr. Jackson's Petition (Doc. No. 2) be DISMISSED with prejudice and the requested

relief be DENIED.

2.      A certificate of appealability be denied.

DATED this day 16th of  June, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE