# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

MICHAEL D. JACKSON
ADC #140871                                                      PETITIONER

v.                    No. 5:13-cv-343-DPM

DEXTER PAYNE, Director,
Arkansas Division of Correction*                                 RESPONDENT

## ORDER

Jackson's motion for relief under Rule 60(b) fails for want of jurisdiction. Jackson argues hard that his motion is strictly aimed at curing a defect in the integrity of his previous *habeas* proceedings. But his motion contains at least one "claim" within the meaning of *Gonzalez v. Crosby*. 545 U.S. 524, 528–32 (2005); *see also Ward v. Norris*, 577 F.3d 925, 932–35 (8th Cir. 2009).

Among other things, Jackson alleges that his lawyer's refusing to call a particular alibi witness violated his Sixth Amendment-protected autonomy. *Doc. 31 at 39–44*. To that end, he argues that the Supreme Court's decision in *McCoy v. Louisiana* is "a supervening change in the law" that "justifies reopening the habeas petition." *Ibid.* This is a

---

* Dexter Payne is the Director of what is now known as the Arkansas Division of Correction. The Court directs the Clerk to update the docket. FED. R. CIV. P. 25(d).

substantive attack, not a procedural one. *Ward*, 577 F.3d at 935. And the *Gonzalez* Court was clear that a motion based on a subsequent change in substantive law advances a "claim." 545 U.S. at 531–32. Jackson must therefore seek and get permission from the United States Court of Appeals for the Eighth Circuit before this Court can proceed. 28 U.S.C. § 2244(b)(3)(A). The motion, *Doc. 31*, will be dismissed without prejudice for lack of jurisdiction. No certificate of appealability will issue. 28 U.S.C. § 2253(c)(1)–(2).

    So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

22 January 2021